THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWARD NALLY, Respondent, v. HERBERT S. SISSON, State Commissioner of Excise of the State of New York, and JOHN P. McNAB, Special Deputy Commissioner of Excise for the County of Albany, New York, Appellants.

Third Department, March 6, 1918.

Intoxicating liquors — places entitled to license — determination by commissioners appointed under subdivision 9 of section 8 of the Liquor Tax Law, as amended — determination by two of the three commissioners is sufficient — signing of statement — construction of statute.

Where three commissioners are duly appointed pursuant to subdivision 9 of section 8 of the Liquor Tax Law, as amended by chapter 623 of the Laws of 1917, and at a meeting of which they all had due notice two made a determination and filed the certificate contemplated by the statute, but the third commissioner did not attend said meeting but filed a separate unsigned statement showing his determination, designating one of the places named by the other two commissioners, there was a determination made and a certificate signed by a majority which constituted a sufficient designation under the statute.

Under section 41 of the General Construction Law, it is not necessary for all three of the local commissioners to join in the determination.

The requirement that the statement shall be signed by the members of the commission means that it shall be signed by the commissioners or the members thereof who made the determination.

In the public interest and in the interest of local self-government the statute should have a liberal interpretation in order to carry out its manifest intent and purpose.

APPEAL by the defendants, Herbert S. Sisson, as State Commissioner of Excise, and another, from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Albany on the 20th day of November, 1917, directing defendants to issue a liquor tax certificate to the relator. (See 101 Misc. Rep. 485.)

*Harry D. Sanders,* for the appellants.

*Cooke & Danaher* [*William V. Cooke* and *William J. Roche* of counsel], for the respondent.

JOHN M. KELLOGG, P. J.:

The city of Watervliet comes within paragraph c of subdivision 9 of section 8 of the Liquor Tax Law, and it became necessary for it to conform to the provisions of that statute, as amended by chapter 623 of the Laws of 1917. The three commissioners were duly appointed, qualified and organized, duly appointed a chairman and clerk and investigated the places authorized to traffic in liquor in order that they might make the determination contemplated.

At a meeting of the commission, the time and place of which all members had due notice, two of the members made a determination and filed the certificate contemplated by the statute. Apparently the third commissioner did not attend the meeting, but filed a separate statement showing his determination "after disagreement of Committee." The State Commissioner of Excise determined that the commission had failed to designate, and immediately proceeded to make a designation himself, which varied essentially from that of the certificate signed by the majority and minority of the commission, in each of which the relator's place was designated as a place where the trafficking in liquors may be

continued. The State Commissioner evidently felt that all three of the local commissioners must join in the determination, and that a determination made by a majority and a certificate signed by the majority was a failure to designate. Such determination overlooks section 41 of the General Construction Law which provides, in substance, that where there are three or more public officers or persons charged with a public duty to be performed jointly or as a board, a majority shall constitute a quorum, and a majority of the quorum, if not less than a majority of the whole number, may perform and exercise any power, authority or duty which the board or body may exercise, provided all members have due notice of the time and place of such meeting. The statute under consideration requires the commission to make the determination, and requires the commission to make the statement of the determination, and provides that the determination of the commission shall be final and conclusive. The statute, however, provides that the statement made by the commission (which is not in itself the determination but the evidence of the determination) shall be signed by the members of the commission. We have seen that the determination of two of the commissioners, at a duly called meeting, is valid, and is final and conclusive. Can a member of the commission who has been out voted nullify the action of the commission by refusing to sign the statement?

I think the requirement that the statement shall be signed by the members of the commission means that it shall be signed by the commissioners, or the members thereof who make the determination.

To obtain any other result we are giving too much force to the words " signed in triplicate by the members of the commission," and thereby are depriving the locality of any power of local control and are permitting a State officer to do the act which can better be done, and which the statute contemplates shall be done, by the local commission. Local self-government should not be overridden by such a technical construction. It too easily permits a State officer, outside of local influence or local knowledge, to break down the local self-government contemplated by the statute and to assume duties probably outside of the legislative intent.

If each member of the commission had signed a separate paper making the same designations, the three papers might well be considered the statement required by the statute, and a determination by the State Commissioner that the local commission had failed to designate would be arbitrary and unauthorized. Here the State Commissioner had before him two statements. Unquestionably the determination by two of the board was valid. If fault exists, it is in form only from the failure of the dissenting commissioner to sign. This, at the most, is a technical objection and may well be met by the fact that there were before the State Commissioner two certificates which, when read together, show that all of the members had designated the relator's place and that a majority of them had designated the other places from which the minority member dissented. The two papers may be considered as the statement, and make it clear that the relator's place was designated by the three commissioners and the other places by a majority of the commission. The decision may safely rest upon the conclusion that the majority acted for and was the board, and their certificate is a substantial compliance with the statute. In the public interest and in the interest of local self-government, the statute should have a liberal interpretation in order to carry out its manifest intent and purpose. The order of the Special Term should, therefore, be affirmed, with costs.

Order unanimously affirmed, with costs.